IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRIAN K. HEARD                                                                    PETITIONER

VS.                         CASE NO. 5:12CV00446 SWW/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                                 RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

Brian K. Heard seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Heard is currently in the custody of the Arkansas Department of Correction (ADC) as a result of pleading guilty in 2009 to four counts of delivery of a controlled substance. A sentencing hearing was conducted, and Mr. Heard was sentenced as an habitual offender to consecutive sentences totaling 100 years. Mr. Heard sought relief pursuant to Rule 37 in state court, claiming that his guilty pleas were involuntary. The trial court denied relief, and this decision was affirmed on appeal. *Heard v. State*, 2012 Ark. 67. Mr. Heard filed the Rule 37 petition *pro se* but was represented by counsel at the Rule 37 hearing and on appeal in the Rule 37 proceedings. He is represented by counsel in this case. Here, he advances the following claims for habeas corpus relief:

1. Petitioner was coerced into pleading guilty when his attorney asked for an additional $5,000.00 and petitioner believed he had no choice but to plead guilty to the charges;

2. Petitioner received ineffective assistance of counsel when his trial attorney failed to inform him of the possibility of entering a conditional guilty plea and attacking the trial court's denial of his motion to suppress;

3. Petitioner received ineffective assistance of counsel when his trial attorney failed to inform him of the extent of his exposure if he allowed the trial court to determine the sentence without a recommendation of the State;

4. Petitioner received ineffective assistance of counsel when his trial attorney failed to

        inform him about the sentence he could expect from the trial court if he allowed the trial court to sentence petitioner without a recommendation from the State; and

5.     Petitioner received ineffective assistance of counsel when his trial attorney failed to call any witnesses or to provide any reason for the trial court to grant leniency to the petitioner.

The respondent contends that the claims are not properly before this Court due to the petitioner's failure to adequately raise the claims in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, the respondent contends that Mr. Heard raised his allegations that his attorney was ineffective for failing to advise that he could enter a conditional guilty plea and for failing to fully inform him of his sentencing exposure at the trial level but failed to raise these claims on his Rule 37 appeal. Further, the respondent contends Mr. Heard did not raise the claim of ineffective assistance of counsel for failing to present witnesses at the sentencing hearing in state court at either the trial or appellate level. By previous Court Order the petitioner was notified of his opportunity to explain why the claims are not procedurally barred, and the petitioner has filed a responsive pleading. Docket entry no. 20. We will first consider whether some or all of the grounds[1] are procedurally barred, then address the merits of claims properly before the Court.

**Procedural Default:** In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d 1241,

---

[1] The grounds as set forth by the petitioner, and recited herein, overlap to a large degree. Specifically, grounds three and four are essentially the same claim – that counsel failed to inform the petitioner regarding the possible sentence he could receive from the trial court. Accordingly, we will treat grounds three and four as a single claim for relief.

l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

Our initial inquiry is if and how the claims were raised in state court. Since Mr. Heard entered guilty pleas, no direct appeal was available. He did file a Rule 37 petition, and a hearing was conducted on this petition. In the Rule 37 petition Mr. Heard alleged the following grounds for relief: (1) trial counsel's advice to plead guilty and allow the trial court to sentence him was unprofessional and unreasonable; (2) trial counsel was ineffective for failing to inform petitioner of his right to enter a conditional plea of guilty and appeal the trial court's denial of his motion to suppress; (3) Trial counsel was ineffective for failing to seek to withdraw the plea due to a manifest injustice; (4) Failure to adhere to the plea agreement; and (5) Facial invalidity of the judgment and commitment due to an erroneous date on the document. Docket entry no. 10, pages 106-113. The trial court addressed all five claims in its decision denying Rule 37 relief. Docket entry no. 10, pages 133-134). On appeal, the petitioner argued that his guilty plea was coerced and that his trial counsel was ineffective. *Heard v. State*, 2012 Ark. 67. The Arkansas Supreme Court described the

claims on appeal as petitioner's contentions "that counsel's actions coerced him into accepting the plea agreement, and that, but for counsel's unethical conduct and errors, he would not have entered a guilty plea." *Id.*

Our review of the state court proceedings persuade us that the petitioner presented ground one in state court, both at the trial and appellate level. As a result, this ground is properly before this Court. There is some confusion on whether the petitioner raised more than this ground on appeal of his Rule 37 petition, as the Arkansas Supreme Court noted the petitioner raised "a single point on appeal" but also described the allegations as a claim that the "trial court should have found appellant's guilty plea was coerced *and* that trial counsel was ineffective." 2012 Ark. 67 (emphasis added). The petitioner, in his explanatory pleading, concedes that ground 5 was not raised in state court and is therefore procedurally barred. The petitioner argues that grounds two and three/four (a single claim) were not addressed on appeal of his Rule 37 petition due to ineffective assistance of counsel by his appellate lawyer. Out of an abundance of caution, we will assume that grounds two and three/four were raised in state court or that there was cause for them not being considered in the state forum. In making this decision, we are guided by the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine. Recent commentary points up the problems with the cause and prejudice standard:
>> [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . . In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)).

**Ground One – Coerced Guilty Plea:** When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

The trial court found the petitioner's decision to decline the prosecution's offer of a fifty year sentence "was an independent decision" made by Mr. Heard. Docket entry no. 10, page 134. On appeal, the Arkansas Supreme Court affirmed, noting the following:

> In the order denying postconviction relief, the trial court found that appellant made "an independent decision" to reject the State's offer for a plea agreement recommending a fifty-year sentence. The court further found that appellant presented no witnesses at the sentencing hearing and offered no basis for the court to grant leniency. The trial court concluded that the sentence was not unreasonable or unconstitutional. [footnote omitted]
>
> Appellant asserts on appeal that the trial court should have found that appellant's plea was coerced because counsel demanded additional money for a jury trial and that appellant had no choice but to enter the guilty plea. In finding that appellant's plea was "independent," it appears that the trial court concluded that appellant's plea was not coerced as a result of his attorney's demand for additional money. The court was under no obligation to find that appellant's testimony, even if undisputed, was credible concerning this issue.
>
> The trier of fact is free to believe all or part of any witness's testimony. *Hoyle v. State,* 2011 Ark. 321, ___ S.W.3d ___ (per curiam). Conflicts in testimony are for the fact-finder to resolve, and the judge is not required to believe the testimony of any witness, especially that of the accused, since he or she is the person most interested in the outcome of the proceedings. *Id.* Here, the court concluded that appellant was not credible in his testimony to establish that he would not have entered guilty pleas in the two cases if counsel had not pressured him by requesting more money for a trial.
>
> That conclusion appears well founded. Appellant's other testimony made it

> apparent that he considered his chances at trial after unsuccessfully moving to suppress evidence and that he was strongly influenced by the amount of time offered by the prosecution. Appellant's original claim in his petition did not reference counsel's letter or other demand for additional money, and his focus was clearly on the length of the sentence he would receive rather than whether he should admit his guilt.
>
> If appellant did not provide credible evidence to support his claim that he was coerced and would not have entered a guilty plea had counsel provided effective assistance, then he did not meet his burden to show prejudice from any deficient performance on the part of trial counsel. Accordingly, we hold that the trial court did not err in denying postconviction relief and affirm the court's order.

*Heard v. State*, 2012 Ark. 67, 3-5.

Mr. Heard bears the burden of showing the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). First, he does not cite a federal case which was violated by the state court rulings. Instead, he seems to contend the state court decision was unreasonable in light of the evidence presented in state court. This argument fails, however, in large part because the state court found Mr. Heard's testimony was not credible. This factual finding is "presumed to be correct" pursuant to 28 U.S.C. §2254(e)(1), and Mr. Heard can rebut this presumption by producing "clear and convincing evidence." *Id.* He has not produced this type of evidence. Instead, he relies upon the same arguments presented in state court. In the absence of the statutory requirements, Mr. Heard's first claim for relief is without merit.

**Grounds Two and Three/Four – Ineffective Assistance of Counsel:** Mr. Heard alleges ineffective assistance of counsel in that his trial attorney failed to inform him of the possibility of entering a conditional guilty plea, and failed to inform him of his exposure if the trial court were allowed to determine the sentence. The Arkansas Supreme Court, in its denial of the petitioner's Rule 37 appeal, cited *Strickland v. Washington*, 466 U.S. 668 (1984), as the applicable standard for demonstrating ineffective assistance of counsel. The Court, focusing on the prejudice prong

7

of the *Strickland* case, found that "[I]n order for a defendant to show that he was specifically prejudiced by counsel's deficient assistance prior to, or during the entry of, the defendant's guilty plea, the defendant must show that a reasonable probability exists that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Heard v. State*, 2012 Ark. 67. The appellate court went on to find Mr. Heard failed to provide credible evidence that he would not have entered the guilty plea had his attorney provided effective assistance.

As with the first claim for relief, Mr. Heard must show the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). It is clear that the state court applied the prevailing federal law on the issue of ineffective assistance of counsel when it cited and applied the *Strickland* case. We find, based upon the presumptively correct findings of fact of the state court, that the state court decision was not based upon an unreasonable determination of the facts. As a result, we find that even assuming that petitioner's attorney acted erroneously in some fashion, he fails to satisfy the *Strickland* standard because he did not, and does not, demonstrate prejudice stemming from his attorney's behavior.

In summary, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied, as there is no merit to grounds one through four, and ground five is not before this Court because of its procedural bar.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

    IT IS SO ORDERED this __13__ day of March, 2014.

                                            _____
                                            UNITED STATES MAGISTRATE JUDGE